Argued and submitted November 6, vacated in part; otherwise affirmed
November 27, 2002

In the Matter of Vida Gabriel,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## VIDA GABRIEL,
*Appellant.*

30-01-04258; A113590

58 P3d 242

James A. Palmer argued the cause and filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

The circuit court in this case civilly committed appellant after finding that she suffers from a mental illness that renders her dangerous to others. *See* ORS 426.130. The circuit court also entered an order finding that appellant is incompetent to make decisions concerning her treatment. On appeal, appellant challenges both the order of civil commitment and the order of incompetency. We affirm, without further discussion, the order of civil commitment. But, for the reasons we next explain, we vacate the order of incompetency.

The state brought charges against appellant after she allegedly hired someone to kill her former husband. Because of her mental condition, she was deemed unable to aid and assist in the defense of the criminal case and was placed in the state hospital. She remained there for three years, which is the maximum period of time that she could be held in that status. *See* ORS 161.370. The state then obtained a dismissal of the murder charges without prejudice and brought proceedings to civilly commit appellant. In addition to seeking the civil commitment, the state (through a deputy district attorney) petitioned the court under ORS 426.295 to determine appellant's competency to make mental health treatment decisions. The petition specifically requested the court to issue an order directing that appellant be medicated with psychiatric or psychotropic medications as her treatment providers at Oregon State Hospital deem appropriate.

In resolving the petition to determine appellant's competency, the court entered an order finding that appellant is "legally incompetent and incapacitated, not for all purposes, but rather for the specific purpose of making treatment decisions." Significantly, however, the court declined to "order the State Hospital to provide medication without the patient's consent." The state has not cross-appealed and challenged that latter portion of the order. Because it has not, on appeal, in response to appellant's challenges to that order, the state takes the position—correctly, we conclude—that the order has no practical legal effect. That is so because, on

the one hand, the circuit court found appellant to be incompetent only with respect to her ability to make treatment decisions and, on the other hand, the circuit court has left appellant subject to treatment only on her consent. At oral argument, the state further acknowledged that the order creates uncertainty as to appellant's ability to consent to her own treatment.

Because the order is of no practical legal effect, and because the state, as the party who sought the order, agrees that its existence clouds appellant's ability to consent to her own treatment, we conclude that the order should be vacated.

Order regarding petition for competency determination and request to medicate mentally ill person vacated; otherwise affirmed.